**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HALL MC-NEAL WHITE, JR., | : | CIVIL ACTION NO. 11-2820 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| KIMBERLY M. WILSON, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFF PRO SE** — who has one action already pending in the District of New Jersey, see White v. City of Trenton, No. 06-5177 (FLW) ("First Action") — applies for in-forma-pauperis relief in this action ("Second Action") under 28 U.S.C. § 1915 ("Application"). (Dkt. entry no. 1, Appl.)[1] The Court will (1) grant the Application, and (2) deem the Complaint to be filed. The Court may now (1) review the Complaint, and (2) dismiss it if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss the Complaint.

**THE PLAINTIFF** brought the Second Action on May 18, 2011, pursuant to 42 U.S.C. § 1983 alleging the defendants violated his rights by forging documents and submitting those documents in the

---

[1] The docket for the First Action appears to indicate that the First Action has been administratively terminated. But a review of that docket reveals that the First Action is active.
  The plaintiff has brought at least one other action previously. See White v. City of Trenton, No. 02-3721 (MLC).

First Action to "cause plaintiff to lose his present on-going law suit in [the First Action]". (Dkt. entry no. 1, Compl. at 1.) The defendants named in the Second Action are (1) four attorneys representing the defendants in the First Action, (2) a municipal prosecutor, (3) a municipal court judge, (4) two staff members of a municipal court, and (5) a private court reporter. (See Compl.)

**THE CLAIMS IN THE SECOND ACTION** are barred by the statute of limitations, as they concern misconduct occurring in New Jersey — according to the plaintiff's own allegations — on July 26, 2007. (Id. at 1.) Thus, the claims are barred by the two-year statute of limitations for claims brought under 42 U.S.C. § 1983 that accrue in New Jersey. Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); Rondon v. Passaic Cnty. Jail, 374 Fed.Appx. 238, 239 (3d Cir. 2010).[2]

**THE PLAINTIFF** attempts to avoid the statute of limitations by alleging — in his Complaint filed on May 18, 2011 — that he did not become aware of the forgery until May 19, 2009, and thus is saved by the discovery rule. (Compl. at 6.) This argument is self-contradictory at best, as the plaintiff alleges that on March 24, 2009, and April 8, 2009, certain defendants named in the Second Action filed false certifications in the First Action "which triggered the alarm that something was just not right".

---

[2] The Court can address the statute of limitations now under 28 U.S.C. § 1915. See Alexander v. Fletcher, 367 Fed.Appx. 289, 291 n.4 (3d Cir. 2010).

(Id. at 4.)  The plaintiff, in a handwritten submission to the District Court Judge and the Magistrate Judge in the First Action, also states:

> On 4-16-09, plaintiff filed an injunction on his then attorney . . . for failing and refusing to bring [to] the court's attention that [defendants now named in the Second Action] had produced two false transcripts, a forged transcript, a forged docket number and a false certification by [a defendant now named in the Second Action] stating that plaintiff's transcripts for his two false arrests incidents of 11-18-04 and 2-7-05 do not exist.

9-8-09 Pl. Stmt. at 2-3, White v. City of Trenton, No. 06-5177 (FLW), ECF No. 77; see id. at 7 (stating same); see also id., Attachments at 50-53 (4-16-09 letter from plaintiff stating that he asked his attorney to advise the Magistrate Judge in the First Action about the false certifications and forgeries throughout early April 2009); id. at 58-61 (4-8-09 letter from plaintiff stating same).  Thus, the plaintiff was aware of the alleged misconduct of constitutional dimension more than two years before he brought the Second Action on May 18, 2011, and the Complaint in the Second Action is barred.  See Dique, 603 F.3d at 188 (rejecting plaintiff's argument that action brought in 2004 was tolled by discovery rule, as he discovered through extensive documents in 2001 that he was the victim of selective enforcement by state police in 1990); see also Shih-Liang Chen v. Twp. of Fairfield, 354 Fed.Appx. 656, 659 (3d Cir. 2009) (explaining discovery rule), cert. denied, 131 S.Ct. 192 (2010).

**THE SECOND ACTION** also seeks a prohibited review of determinations made by the Magistrate Judge and the District Court Judge in the First Action, as the plaintiff has already presented these claims to those Judges. Instead, the plaintiff would be required to seek relief from either the same Judges or the proper Court of Appeals. See Fed.R.Civ.P. 60; L.Civ.R. 7.1(i); Fed.R.App.P. 3-5; see also O'Dell v. U.S. Gov't, 256 Fed.Appx. 444, 445 (3d Cir. 2007) (stating it is "obviously improper" for plaintiff to attempt to appeal an action to same district court that originally dismissed the action); Olaniyi v. Alexa Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (noting that to challenge a district court decision, plaintiff must either move for reconsideration or seek appellate review, but may not file a new action before a different district court judge).

**THE CLAIMS** asserted against a municipal court judge and municipal court staff members are also barred by the immunity doctrine. Municipal court judges and staff members cannot be held civilly liable for their judicially-related conduct, even when those acts are in excess of their jurisdiction and alleged to have been done maliciously or corruptly. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 437, 440 (3d Cir. 2000); Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975); Marcedes v. Barrett, 453 F.2d 391, 391-92 (3d Cir. 1971); Davis v. Phila. Cnty., 195 F.Supp.2d 686, 688 (E.D. Pa.

2002).³  The claims in the Second Action against the private court reporter are also barred, as that defendant is not a state actor subject to liability under 42 U.S.C. § 1983.  Holman v. Stefano, No. 09-1634, 2010 WL 3814589, at *8 (D.S.C. Mar. 1, 2010) (Magistrate Judge Report & Recommendation stating private court reporter and transcriber is not state actor), adopted, 2010 WL 3895684 (D.S.C. Sept. 30, 2010); see St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006) (stating private conduct excluded from reach of 42 U.S.C. § 1983, no matter how wrongful).

**THE CLAIMS** in the Second Action — for example, referring to "STELF RADAR JUSTICE INVADERS111" (Compl. at 3 (as stated in original)) — also "do not appear to be based in fact, but merely upon [the plaintiff's] own suspicion and speculation", and thus are frivolous.  See Gera v. Pennsylvania, 256 Fed.Appx. 563, 566 (3d Cir. 2007) (affirming order dismissing claim that defendants conspired to have him arrested).

**THE COURT** will dismiss the Complaint for the aforementioned reasons.  The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:    May 23, 2011

---

³  Immunity may not necessarily bar the claims asserted against the municipal prosecutor and the municipal attorneys, as their alleged conduct does not necessarily involve the initiation or pursuit of a criminal prosecution.  The Court will not raise immunity as an additional ground for dismissal as to them.